## MILLER v. CHURCH, *et al.*

*Nuisance — overflow from mill-dam — notice to owner.*

In an action for damages for the overflow of a mill-pond it was shown that defendant, the owner of the pond, was not in possession, having leased the same to a third party. *Held,* that the owner of the premises overflowed could not recover for such overflow, without showing that defendant had notice or knowledge of the existence of the same before the action was brought.

EXCEPTIONS ordered to be first heard at General Term. The facts are stated in the opinion.

*E. A. Kingsley,* for plaintiff.

*R. A. Stanton,* for defendant.

MILLER, P. J. The action was brought to recover damages for injuries to the plaintiff's premises, by reason of the water of an adjoining mill-pond overflowing said premises, and a verdict rendered in favor of the plaintiff. At the close of the plaintiff's testimony, upon the trial, the defendant's counsel moved for a nonsuit, upon the ground, among others, that no notice had been shown to have been given to the defendant Church of the condition of the premises previous to the bringing of the action, nor proof given that Church knew of their condition, which motion was denied and an exception taken. The motion was renewed at the close of the entire testimony and denied, and an exception taken to the ruling.

The counsel for the defendant Church, on the argument, presses upon our attention the point above raised alone, thereby waiving all other questions. After examination, we are satisfied that the ground stated was well taken, and the court erred in refusing the motion for a nonsuit, within the principle decided in the case of *Conhocton Stone Co.* v. *Buffalo, N. Y. & Erie Railroad Co.*, 51 N. Y. 573.

It was held in the case cited that, in order to maintain an action for damages resulting from a nuisance upon the defendant's land, where such nuisance was erected by a previous owner, before conveyance to defendant, it is necessary to show that before the commencement of the action he had notice or knowledge of the existence of the nuisance. The action in the case cited was brought for injuries to the plaintiff's wall-bed caused by the same being washed and flooded, and the defendant was a purchaser at a foreclosure sale of the railroad and franchises which the railroad company had leased to the Erie railway company. A motion was made for a nonsuit, for a want of notice, and denied, and the judgment reversed upon that ground. The court, citing from Angell on Water Courses, 570, lay down the proposition before stated, and say that the notice "may be either oral or written, or it may be by acts done, clearly informing the party to be affected by it of the existence of the nuisance, and of the desire of the party injured to have it removed, so that the person to whom it is addressed shall fully understand the ground of complaint, and that the party giving it is unwilling to have it continue."

The defendant Church was a grantee, not in possession of the premises, having leased the same to a third party, and stands precisely in the same position as the defendant in the case cited. No

satisfactory answer is made to the application of the principle decided in the case at bar.

The evidence does not show any notice to or knowledge of the defendant Church, who answers separately, and who only appears upon the argument of the case, and notice to Gurnsey, the other defendant, who was not a joint owner with Church, and whose ownership was entirely separate and distinct, and of a different character from the ownership of Church, was not enough to enable the plaintiff to maintain an action against the latter. For the error stated a new trial must be granted, with costs, to abide the event.

*New trial granted.*